UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTIRCT OF NEW YORK

| | |
|---|---|
| ADVANCED MARKETING RESEARCH, INC. D/B/A EVERYDAY FURNISHINGS,<br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PILOT AIR FREIGHT CORP.,<br>　　　　　　　　　Defendant. | NO.: 07-cv-11212 |

　　　　Defendant, Pilot Air Freight Corp. ("Pilot") by and through its counsel, Nixon Peabody LLP, responds to Plaintiff Advanced Marketing Research, Inc. D/B/A Everyday Furnishings' ("Plaintiff") complaint (the "Complaint") as follows:

　　　　1.　　Pilot is without knowledge as to the truth of the allegations in this first paragraph and therefore denies the same.

　　　　2.　　Denied. It is specifically denied that Pilot is a New York Corporation. On the contrary, Pilot is a Pennsylvania Corporation.

　　　　3.　　Denied. The statements contained in this paragraph are a legal conclusion to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

### AS AND FOR A FIRST CAUSE OF ACTION

　　　　4.　　Denied as stated. Plaintiff engaged Pilot for freight shipping services. By way of further response, Plaintiff has not paid in full for those services.

　　　　5.　　Denied as stated. Pilot provided all shipping services requested by Plaintiff. By way of further response, Plaintiff has not paid in full for those services.

　　　　6.　　Denied. It is specifically denied that Pilot at any time breached any individual agreement for shipping service.

7.   Denied. Plaintiff has failed and refused to pay for shipping serves rendered.

8.   Denied. Pilot is without knowledge as to the allegations contained in this paragraph and the same are therefore deemed denied.

## AS AND FOR A SECOND CAUSE OF ACTION

9.   Denied as stated. It is specifically denied that Plaintiff "periodically and regularly…rendered to the defendant a statement of account." On the contrary, Plaintiff sent one email demanding an outrageous sum of money for it's purported claim.

10.   Denied. Plaintiff's purported "statement of account" was in the form of an email message demanding a sum or threatening a lawsuit. The message was not an appropriate attempt to convey an account stated and was never accepted by Pilot. On the contrary, a representative of Pilot contacted Plaintiff to dispute the amount demanded.

11.   Denied. The statements contained in this paragraph are a legal conclusion to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, the defendant, Pilot Air Freight Corp., demands that the complaint be dismissed and that judgment be entered in its favor together with the costs and disbursements of this action.

## COUNTERCLAIM – PILOT AIR FREIGHT CORP. vs. ADVANCED MARKETING RESEARCH, INC. D/B/A EVERYDAY FURNISHINGS

12.   Plaintiff engaged the freight shipping services of Pilot and has failed and refused to pay for said services.

13.   The unpaid balance of Plaintiff's account is $29,823.15.

14.   Pilot has demanded the sum of $29,823.15 in unpaid freight shipping services from Plaintiff and Plaintiff has failed and refused to pay said unpaid freight shipping services.

- 3 -

Wherefore, Pilot demands judgment against Advanced Marketing Research, Inc. d/b/a Everyday Furnishings in the sum of $29,823.15, plus interest and costs of suit.

Dated:  December 20, 2007

                                                **NIXON PEABODY LLP**

By:    /s/ Reneé F. Bergmann
         Reneé F. Bergmann, Esq.
         437 Madison Avenue
         New York, New York 10022
         (212) 940-3726
         rbergmann@nixonpeabody.com

         *Attorneys for Defendant*
         *Pilot Air Freight Corp.*

**OF COUNSEL**

Arthur L. Pressman, Esq.
100 Summer Street
Boston, MA  02110-2131
(617) 345-1158

10843292.1

## CERTIFICATE OF SERVICE

I, Reneé F. Bergmann, hereby certify that I filed the foregoing document on the courts ECF document filing system, which in turn notified opposing counsel, on this 20th day of December, 2007 as follows:

David J. Gold, P.C.
116 John Street
Suite 3110
New York, NY 10038-3411
Attorneys for Plaintiff


/s/ Reneé F. Bergmann
Reneé F. Bergmann

10843292.1